338 So.2d 126 (1976)
TRI PARISH HEATING & AIR CONDITIONING
v.
Willie BROWN.
No. 10878.
Court of Appeal of Louisiana, First Circuit.
September 20, 1976.
*127 Wesley Steen, Baton Rouge, for plaintiffappellee.
*128 Joseph A. Gladney, Baton Rouge, for defendant-appellant.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
This is a suit on open account, together with incidental demands, arising from repair work performed on a residential air conditioning unit.
Willie Brown contracted with Phillips and Gray for the construction of a house. Phillips and Gray contracted with West Side Materials, Inc., a Rheem dealer, for the furnishing and installation of central air conditioning for the house. West Side supplied the unit and subcontracted the installation and repair and maintenance work to Tri-Parish Heating and Air Conditioning. The contract between Tri-Parish and West Side provided that Tri-Parish would install the unit and perform any repair and maintenance work for a year from the date of installation.
The record discloses that problems arose with the air conditioning unit soon after Willie Brown moved into his new house. Mr. Bob Rothman, owner of Tri Parish Heating and Air Conditioning, testified that he installed the unit in February, 1973, and "kicked it off" when Brown moved in March, 1973. Rothman made two service calls that summer following complaints from Brown that the unit was leaking. The first time Rothman cleaned the drain and changed the filter; the second time he pulled the coil, which was clogged with dirt, and cleaned it. No charge was made for these calls since the unit was still within the one year service contract.
The next summer, 1974, Rothman made two more service calls. In April, 1974 he cleaned the coil and filter, for which he charged Brown a fee. Again, in June, Rothman changed the compressor because of bad valves. A new compressor was ordered through West Side, which Rothman installed. A charge was made for the work, but not for the cost of the compressor which was still under warranty. A few weeks after this, Rothman was called back because of water dripping from the unit. He found the coil clogged and again cleaned it.
Rothman testified that the major problem was the failure to keep the filter clean. This caused the condenser coils to become clogged, which resulted in reduced cooling.
Robert Tarver, heating and air conditioning contractor, testified for Willie Brown. He stated that he was called to service the unit in July, 1975 and that he found one of the duct pipes separated from the plentum, which condition resulted in the cool air being blown into the attic, instead of into the house through the ducts. Further, he opined that the connection had never been made properly because there were no screws or tape on the line. On this point, Rothman testified that the duct work had been connected to the plentum on installation, but that it could be torn loose easily.
Tri-Parish sued on open account for $113.25, representing the balance owed for the two service calls in 1974 after one payment by Willie Brown of $80.00. Brown answered and filed a third party demand against his building contractors, Phillips and Gray, and against West Side Materials, Inc., the furnisher of the unit. Brown later filed also a reconventional demand for additional repair costs he incurred in 1975.
In September, 1975, a pre-trial conference was held. Because some 9 months had passed since the filing of the original petition and service had not yet been effected on the third party defendants, the trial judge ordered those third party demands severed from the main and reconventional demands. After trial, judgment was rendered in favor of Tri-Parish on the original demand in the amount prayed for and rejecting Willie Brown's reconventional demand. Brown has appealed.
Appellant has specified as error the ruling of the trial court on the main and reconventional demands, the severance of his third party demands, and the manner in which the court required the appellant's proffers to be made.
*129 Appellant resisted the main demand on open account for the alleged reason that the services and repairs performed after expiration of the one year warranty period were made necessary by defendant-appellee's failure to perform properly the original contract of installation of the unit.
The contract to install the unit and service it without charge for one year was between the appellee Tri-Parish and West Side, the furnisher of the unit. However, these provisions were made for the benefit of Willie Brown as owner of the house. Therefore, even though there be no contractual privity between Brown and Tri-Parish, nevertheless Brown can enforce the obligation intended for his benefit. State ex rel. Guste v. Simoni, Heck and Associates, 331 So.2d 478 (La.1976). A fortiori, if the repairs sued on resulted from the failure to perform the contract, Brown has a defense as well provided him, since a suit on open account is not immune from such defenses. See Hob's Refrigeration & Air Conditioning, Inc. v. Poche, 304 So.2d 326 (La. 1974).
Again, Tri-Parish contracted to install and service the unit, which was furnished by West Side. Therefore, if the unserviceability of the unit thereafter resulted from a defect in the unita badness of materialsrather than from the quality of work in installation, then Tri-Parish would be entitled to judgment. This is so because the repair work performed by Tri-Parish would not have resulted from a failure of performance on its part. See Weathermasters Parts and Service, Inc. v. McCay, 242 So.2d 306 (La.App. 4th Cir. 1971).
Applying these principles to the case sub judice, we do not find that appellant has shown that the repairs performed by appellee, Tri-Parish, after the warranty period expired, were made necessary by appellee's earlier failure to perform the installation properly.
As noted supra, the record discloses conflicting testimony on whether the installation was done properly. We cannot say that the trial judge erred to accept the testimony of Rothman, owner of Tri-Parish, that the proper connections were made. However, assuming arguendo and most favorably to appellant's case that the installation was done improperly, appellant still failed to show any causal relationship between such installation and the repairs and service performed later by Tri-Parish. The repair work sued upon consisted of cleaning the coil and filter, which were without contradiction clogged and dirty, and replacing the compressor because of bad valves. These conditions possibly could have resulted from the operation of an improperly installed duct system, but such cause and effect was never established.
For the similar reasons we find no error in the rejection of appellant's reconventional demand. Appellant did not carry his burden of proving the installation improper and, further that such alleged faulty work necessitated the repairs made.
Appellant also complains of the severance of his third party demands against West Side and his contractors, Gray and Phillips. We find no merit in this contention. The severance was ordered at the pre-trial conference some nine months after the third party demands were filed. It was ordered because service had not been effected yet on the third party defendants, with the prospect of endless delay of the main demand. Considering the discretion afforded the trial court by LSA-C.C.P. art. 1038, together with the lack of any demonstrable prejudice to appellant, we find no error in the severance.
Lastly, appellant contends the trial judge erred in limiting his proffer to a statement setting forth the nature of the evidence rather than allowing him to make a record thereof. Initially we note that LSA-C.C.P. art. 1636 permits the court, in its discretion, to proceed in either mode. In either case the appellant is not prejudiced, for the appellate court will remand for completion of the record if, in the former case, the evidence excluded is ruled admissible.
That evidence which appellant sought to have admitted is described in his first proffer as the price paid to Tri-Parish *130 by West Side in consideration for installation and service agreement. We agree with the trial court that such was irrelevant and inadmissable.
The second proffer concerned testimony sought to be elicited from Tarver relative to whether the heater had been vented when Tri-Parish installed the air conditioning unit. Counsel for appellant stated in the proffer that the witness's testimony would be that the heater was not vented and that it was necessary to do so to install the unit properly.
Whether or not the unit was installed properly in every respect is not at issue. This issue is who is liable for the subsequent repairs. Unless appellant could show not only that the installation was improper, in whole or in part, but also that such impropriety was the cause of the particular repairs, he has failed to meet his burden, either as a defense to the main demand or on his reconventional demand for those charges already paid and those later occasioned.
Therefore, the proffer, seeking to show only that a part of the installation was not performed, is irrelevant to the issues of the case.
The decision of the trial court is affirmed at appellant's cost.
AFFIRMED.