SYNDOULOS LUTHERAN CHURCH of Fairbanks, Alaska, and Wisconsin Evangelical Lutheran Synod, Appellants,

v.

A.R.C. INDUSTRIES, INC. and Thomas G. Farr, Appellees.

Thomas G. FARR, and A.R.C. Industries, Inc., Cross-Appellants,

v.

SYNDOULOS LUTHERAN CHURCH of Fairbanks, Alaska and Wisconsin Evangelical Lutheran Synod, Cross-Appellees.

Nos. 6789, 6941.

Supreme Court of Alaska.

April 1, 1983.

Kenneth P. Ringstad, Rice, Hoppner, Brown & Brunner, Fairbanks, for appellants and cross-appellees.

Paul L. Henderson, Henderson & Nogg, Anchorage, for appellees and cross-appellants.

Before BURKE, C.J., RABINOWITZ, MATTHEWS and COMPTON, JJ., and TUNLEY, Superior Court Judge.*

## OPINION

COMPTON, Justice.

There are two issues raised in this appeal: first, whether a defendant against whom a default has been entered may disprove a material allegation of the plaintiff's complaint at the trial on damages and thereby avoid liability, and second, whether an owner of real property may directly sue a subcontractor for his defective workmanship. For the reasons set forth below, we conclude that under the circumstances of this case the superior court erred in denying judgment to the plaintiff on the basis that a material allegation of the complaint had been disproven at the trial on damages. We further conclude that the superior court erred in holding that the plaintiff could not recover directly from a subcontractor for his defective workmanship in the construction of the plaintiff's building.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an appeal taken by the Syndoulos Lutheran Church of Fairbanks and the Wisconsin Evangelical Lutheran Synod ("the Church") from the decision of the superior court denying it any relief against A.R.C. Industries, Inc. ("A.R.C.") and Thomas Farr, who is allegedly the sole or principal stockholder of A.R.C. The Church had entered into a contract with Bradley & Associates in 1978 to have Bradley & Associates construct a building for it in Fairbanks. Bradley & Associates agreed to design, plan and construct the building for $175,000.00, which sum was paid in full by the Church. A.R.C. subcontracted with Bradley & Associates to perform the foundation work.

Without cause, Bradley & Associates abandoned the construction of the church before it was completed. The Church paid approximately $26,000.00 to have the construction completed by another contractor. Furthermore, the work performed and the materials used by A.R.C. were faulty and will cost approximately $2,000.00 to correct.

The Church filed a complaint against Bradley & Associates in July of 1979. The complaint was amended once in November. In December, the Church filed a Second Amended Complaint, naming as defendants for the first time A.R.C. and Farr. A.R.C. and Farr were properly served with the complaint, but neither filed an answer or entered an appearance. Defaults were entered against A.R.C. and Farr on February 15, 1980.

Briefly, the allegations in the Church's complaint against A.R.C. and Thomas Farr are that Farr is an associate or partner of Bradley & Associates and is also the sole or principal stockholder of A.R.C., that Bradley & Associates subcontracted with A.R.C. to perform foundation work, and that the work was defective. The relief prayed for was that the Church be awarded the same damages from Farr as it recovers from Bradley & Associates and that the Church also be awarded damages from Farr and A.R.C. for the defective work on the foundation.

The Church amended its complaint once again in July of 1981. A.R.C. and Farr attempted to file an answer to that complaint and demand a jury trial. A.R.C. and Farr contended that the amendment of the complaint operated to vacate the defaults entered against them. A.R.C. and Farr subsequently withdrew from this position, upon concluding that the law is that if an amendment does not materially affect the allegations against the defendant, it does not operate to vacate the default. The amendment to the complaint after the defaults had been entered only added the allegation that the Church was a duly formed corporation.

* Tunley, Superior Court Judge, sitting by assignment made pursuant to Alaska R.App.P. 106(a).

1. The defendants filed a separate appeal in which they sought reversal of the superior court's order not awarding them any attorney's fees. In view of our disposition of the plaintiff's appeal, we need not consider this issue.

Counsel for A.R.C. and Farr appeared in court at the time of the trial against the remaining defendants, which included Bradley & Associates. Neither A.R.C. nor Farr ever moved to have the default set aside. They conceded that the issue of their liability had been determined by the entry of default, but nonetheless contended that they had the right to contest the amount of damages sought by the Church.

The superior court held that the Church had complied with the rules governing the entry of defaults against defendants and, thus, A.R.C. and Farr could not contest their liability. It further held, however, that A.R.C. and Farr were entitled to defend against the damages portion of the action against them. The validity of these holdings is not contested in this appeal. During the course of the trial, Farr attempted on several occasions to introduce evidence that he was not a partner of Bradley & Associates. On each occasion, the court ruled that this evidence was inadmissible because it did not relate to the issue of damages, but related instead to an allegation of the Church's complaint that was deemed proven upon the entry of default.

After the trial was completed, counsel submitted proposed findings of fact and conclusions of law, which were reviewed by the court. Farr contended that the evidence presented at trial affirmatively established that Farr was not a partner of Bradley & Associates as alleged in the Church's complaint and thus he could not be jointly liable with Bradley & Associates for the judgment that would be entered against it. After listening to the Church's arguments in opposition, the court stated that the evidence presented at trial did not persuade it that there was a partnership between Farr and Bradley & Associates. Accordingly, the court would not hold Farr liable for the judgment entered against Bradley & Associates.

The court had difficulty in articulating a legal theory upon which Farr and A.R.C. would be directly liable to the Church for the defective work. The court was particularly concerned that there did not appear to be, in fact or by allegation, any privity between the Church and A.R.C. The Church contended that an owner may sue a subcontractor directly for any defective work, but did not cite any authority for this proposition or relate it to a particular legal theory. The court indicated that it would give this issue further consideration.

On January 21, 1982, the court entered its Findings of Fact and Conclusions of Law. It found Bradley & Associates liable for all of the damages proven at trial and it further found Farr and A.R.C. additionally liable for the defective foundation work. On February 5, 1982, the court entered a judgment against Bradley & Associates for $38,926.00 damages, plus costs, attorney's fees and prejudgment interest, for a total judgment of $56,863.74. It entered a judgment against Farr and A.R.C. in the amount of approximately $2,000.00 for damages, $600.00 for prejudgment interest and $600.00 for costs.

Farr and A.R.C. moved to have the judgment reconsidered. The court indicated in its order that the matter was fully briefed by the parties, but no memoranda by counsel are part of the record before us. The court quashed its judgment against Farr and A.R.C., stating that the damages resulting from the defective workmanship on the foundation "are damages properly those of [Bradley and Associates]." The court then entered Amended Findings of Fact and Conclusions of Law, in which the conclusion that Farr and A.R.C. were liable to the Church for the defective work was omitted. The court also amended its judgment against Farr and A.R.C. to reflect that the Church recover nothing from them. The Church appeals from the Amended Judgment awarding it nothing against A.R.C. and Farr.

## II. EFFECT OF DEFAULT

The Church first contends on appeal that the superior court erred in refusing to enter a judgment against Farr for the same amount as the judgment against Bradley & Associates. In its Second Amended Complaint, the Church set forth various allega-

tions as to Bradley & Associates' breach of contract in the construction of the building. In Paragraph XII, the Church alleged that Farr "is a partner or an associate of" Bradley & Associates. The superior court apparently concluded that the Church properly alleged a cause of action against Farr as a partner of Bradley & Associates for breach of contract. The court was initially of the opinion that the entry of default against Farr precluded him from contesting this liability. Even Farr's counsel conceded this much at the beginning of the trial and only argued that Farr had the right to contest the damages claimed by the Church. Nonetheless, during trial Farr attempted on various occasions to introduce evidence, through his own testimony and the testimony of Bradley, that Farr was not a partner of Bradley & Associates. In each instance, the superior court sustained the Church's objection to this line of inquiry. After trial, however, the court concluded that it was "not persuaded" that Farr was in fact a partner of Bradley & Associates as alleged by the Church's complaint.

The Church contends that the court is not permitted to question a defendant's liability after a default has been entered against him. We disagree with this contention, but nonetheless agree with the Church that circumstances in this case require it to be remanded to the superior court for further proceedings.

■ Civil Rule 55, which governs the entry of defaults and default judgments, states in part as follows:

*If, in order to enable the court to enter judgment* or to carry it into effect, *it is necessary* to take an account or to determine the amount of damages or *to establish the truth of any averment by evidence* or to make and [sic] investigation of any other matter, *the court may conduct such hearings* or order such references *as it deems necessary and proper.*

Alaska R.Civ.P. 55(c)(1) (emphasis added). We interpret this rule as permitting the superior court to question a defendant's liability after a default has been entered against him. *See* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2685, at 420–29 (2d ed. 1983). If the court determines that in order to enter the judgment it is necessary for the plaintiff to present evidence supporting one or more of the plaintiff's allegations and if the plaintiff is unable to adduce any evidence tending to support the questioned allegations, then a judgment should be entered dismissing the plaintiff's complaint.

■ The plaintiff need not, however, establish the truth of the allegations by a preponderance of the evidence. As indicated in *Thomson v. Wooster,* 114 U.S. 104, 108, 5 S.Ct. 788, 790, 29 L.Ed. 105, 107 (1885), a default establishes the well pleaded allegations of the complaint unless they are incapable of proof or are contrary to facts judicially noticed or to uncontroverted evidence presented by the parties. Uncontroverted evidence disproving the allegations of plaintiff's complaint refers to evidence that "could not possibly be rebutted if the non-defaulting party were permitted a trial." *Trans World Airlines, Inc. v. Hughes,* 449 F.2d 51, 63 (2d Cir.1971), *rev'd on other grounds,* 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973). "If the evidence offered by the defaulted party merely tends to show that an allegation is not true, then the allegation must be taken as true." *In re West Securities Litigation,* 436 F.Supp. 1281, 1289 (N.D.Cal.1977). As the court further stated in *In re Air West Securities Litigation,*

[O]nce a default has been entered and entry of judgment pursuant to the default is sought, the function of the trial court is not to weigh conflicting evidence; rather, the court must make the sole determination whether the allegations of the party in whose favor the default has been entered are susceptible of proof.... [G]iven conflicting but legitimate evidence on both sides, the court is bound to enter judgment for the party in whose favor the default has been entered.

436 F.Supp. at 1286.

■ It is apparent that the superior court did not apply this rule. The court merely stated, after reviewing the evidence

presented at trial, that it was "not persuaded" that Farr was a partner of Bradley & Associates. The superior court could refuse to accept as true the Church's well pleaded allegation that Farr was a partner only if the evidence presented at trial tending to disprove this "could not possibly be rebutted" by the Church. *Trans World Airlines, Inc. v. Hughes,* 449 F.2d at 63.

The record indicates that the Church never offered any evidence as to the partnership relationship between Farr and Bradley & Associates because it was relying upon the court's statement that Farr's liability was established by the entry of default against him. Under these circumstances, it is necessary to remand this case to the superior court for further proceedings. The court must permit the Church an opportunity to rebut the evidence presented by Farr that tended to disprove the existence of a partnership between Farr and Bradley & Associates. If the Church is able to present any evidence in support of its allegation, "the court is bound to enter judgment for [the Church] in whose favor the default has been entered." *In re Air West Securities Litigation,* 436 F.Supp. at 1286.[2]

## III. SUIT AGAINST SUBCONTRACTOR

The superior court initially entered a judgment against Farr and A.R.C. for the defective workmanship on the foundation. Upon motion for reconsideration, however, the court vacated the judgment, holding that the damages are "properly those of [Bradley & Associates]." The court had expressed concern at the oral arguments on the Findings of Fact and Conclusions of Law that there was no privity between the Church and A.R.C.

On appeal, the Church contends that the facts it alleged in its complaint stated a cause of action against Farr and A.R.C. for defective workmanship under the theory of third-party beneficiary liability. We agree. The Church stated in its complaint, "As a result of the defects in the materials and construction provided by THOMAS G. FARR and A.R.C. INDUSTRIES, INC.... the plaintiffs have been damaged in a sum or sums to be proved in trial."

Farr and A.R.C. contend that owners of real property do not have a cause of action as third-party beneficiaries against subcontractors on the basis of a breach of the subcontract due to defects in materials and workmanship. The one case cited that directly supports this position is *Lumber Products, Inc. v. Hiriart,* 255 So.2d 783 (La. App.1972), in which an owner attempted to state a cross-claim against a subcontractor who brought suit on its mechanic's lien. The Louisiana Court of Appeals concluded that there was no privity of contract between the owner and the subcontractor and thus the owner could not maintain an action for breach of contract against the subcontractor. *Id.* at 787–88.

The Supreme Court of Louisiana, however, ruled four years later in *State ex rel. Guste v. Simoni, Heck & Associates,* 331 So.2d 478 (La.1976), that an owner may sue a subcontractor directly as a third-party beneficiary to the subcontract when the subcontract was expressly intended to benefit him. *Id.* at 482–84. Similarly, the Louisiana Court of Appeals held in *Tri Parish Heating & Air Conditioning v. Brown,* 338 So.2d 126, 129 (La.App.1976), that an owner could "enforce the obligation intended for his benefit" and bring a direct action against a subcontractor for the defective installation of an air conditioning system,

2. If, however, the Church is unable to present any evidence supporting its allegation, the court's judgment should be reinstated.

We also note that nothing we have stated should be construed by the court as foreclosing consideration of a motion to set aside the default pursuant to Civil Rule 55(e). This rule provides that "[f]or good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may

likewise set it aside in accordance with Rule 60(b)." A default, as distinguished from a default judgment, is an interlocutory matter not governed by the strict time limits imposed by Civil Rule 60(b). A default may be set aside at any time if good cause for so doing exists, which determination is committed to the discretion of the trial courts. 6 Moore's Federal Practice ¶ 55.10[2], at 55–237—55–240 (2d ed. 1982).

even though the owner was not in privity of contract with the subcontractor.

Most recently, the Oklahoma Supreme Court addressed this issue in *Keel v. Titan Construction Co.,* 639 P.2d 1228 (Okl.1981). The court held that a property owner, whose exact identity had not been known to the architect at the time of its work, could directly sue the architect as a third-party beneficiary of the architect's contract with the general contractor. The court first acknowledged that before a party may take advantage as a third-party beneficiary to avoid the requirement of privity, the contract must have been entered into " 'expressly for the benefit of a third person.' " *Id.* at 1231 (quoting *Watson v. Aced,* 156 Cal.App.2d 87, 319 P.2d 83, 86 (Cal.App. 1957)). The court then stated,

> A third-party beneficiary of a contract may avail himself of its benefits and maintain an action thereon notwithstanding he was a stranger thereto, had no knowledge of the contract, and was not identified therein when it was made if it appears the parties intended to recognize him as a beneficiary.

639 P.2d at 1231 (footnote omitted). Thus, even though the purchaser of the home was not specifically known to the architect at the time it entered into its contract with the general contractor, the court held that the architect must have known that there would be an owner of the home and that its work was intended to benefit that owner. *Id.*

As indicated by the Church, this court has recognized the rights of a third-party beneficiary to enforce the terms of a contract entered into for his benefit. *State v. Osborne,* 607 P.2d 369, 371 (Alaska 1980); *White v. Alaska Insurance Guaranty Ass'n,* 592 P.2d 367, 369 (Alaska 1979). We conclude that the Church properly brought suit directly against Farr and A.R.C., as well as against the general contractor, Bradley & Associates. The contract between A.R.C. and Bradley & Associates was obviously intended to benefit the owner of the building, the Church. Accordingly, the superior court erred in holding that the lack of privi-

ty of contract between A.R.C. and the Church precluded the Church's direct action against Farr and A.R.C. The judgment against Farr and A.R.C. on this count should be reinstated by the court.

REVERSED and REMANDED for further proceedings consistent with this opinion.