VALLEY HOSPITAL ASSOCIATION,
INC., Appellant,

v.

Derek Lee BRAUNEIS, Appellee.

No. S–11902.

Supreme Court of Alaska.

Aug. 18, 2006.

Peter J. Aschenbrenner, Aschenbrenner Law Offices, Inc., Fairbanks, for Appellant.

No appearance by Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

Valley Hospital Association appeals some of the terms of a default judgment it obtained against Derek Lee Brauneis. Although the superior court entered a default judgment against Brauneis at Valley Hospital's request, it refused to grant Valley Hospital the right to enforce a health care provider lien against Brauneis, ruling that Valley Hospital failed to present evidence that it had complied with a statutory requirement that the lien be recorded. The superior court also refused to award attorney's fees to Valley Hospital. Valley Hospital argues that it was an abuse of discretion to enter those rulings. We remand because Valley Hospital was not given an opportunity to present evidence that it had recorded the lien. Although the attorney's fees ruling is unexceptional, the remand on the lien issue requires that the fees ruling be vacated.

## II. FACTS AND PROCEEDINGS

Valley Hospital Association filed suit against Derek Lee Brauneis in July 2003, alleging that it treated him for injuries he suffered in a motor vehicle accident. Its complaint alleged that the cost of treatment was $18,750.43, of which Brauneis paid $50. It also alleged that Valley Hospital recorded a health care provider lien against Brauneis on July 25, 2003. The complaint specified the instrument number assigned to the lien by the recorder: 2003–020852–0.

Valley Hospital's complaint sought a personal judgment against Brauneis for $18,700.43 plus prejudgment interest and a judgment foreclosing Valley Hospital's health care provider lien. Brauneis did not appear in the lawsuit and the clerk entered default against him.

The superior court then entered default judgment for Valley Hospital against Brauneis, but modified Valley Hospital's proposed judgment in two respects. First, the court crossed out language that would have awarded the hospital Alaska Civil Rule 82 attorney's fees of $2,038.47. The court, in a handwritten note, explained that attorney's fees were "[d]eleted because not in compliance with Civil Rule 82(b)(4)." Second, the court crossed out a paragraph that would have entitled Valley Hospital to foreclose its lien against Brauneis. The court's interlineated note explained that "[t]here is no evidence that the lien was recorded as required by AS 34.35.460."

Valley Hospital moved for reconsideration and submitted, for the first time, evidence that it had recorded the lien in compliance with AS 34.35.460. It also submitted a new proposed default judgment that reduced the proposed attorney's fees award to $1,500 plus costs. The superior court denied the motion for reconsideration. Valley Hospital appeals. Brauneis has not entered an appearance on appeal.

## III. DISCUSSION

### A. Valley Hospital Should Have Been Given an Opportunity To Present Evidence that It Recorded the Lien.

The superior court, in modifying the proposed default judgment, apparently reasoned that Valley Hospital was obliged to present evidence that it had perfected its lien against Brauneis in the manner required by AS 34.35.460.[1] We conclude that a party seeking a default judgment is under no such obligation unless the trial court notifies the party otherwise and provides the party with an opportunity to present evidence that it complied with the statute.

Default judgments are governed by Alaska Civil Rule 55. When a plaintiff applies for entry of a default judgment under Rule 55(c), the trial court must "exercise its discretion" in determining whether to enter judgment.[2] "Although a party has no absolute right to a default judgment following entry of a technical default, the court may not arbitrarily deny entry of a judgment against the defaulting party."[3] We review a trial court's refusal to enter default under the abuse of discretion standard.[4]

Generally speaking, "[i]f the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."[5] But Alaska Civil Rule 55(c)(1) states:

> [I]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages *or to establish the truth of any averment by evidence* or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper.

(Emphasis added.) We have held that the quoted portion of Rule 55(c)(1) allows the trial court "to question a defendant's liability after a default has been entered against him."[6] Therefore,

> [i]f the court determines that in order to enter the judgment it is necessary for the plaintiff to present evidence supporting one or more of the plaintiff's allegations and if the plaintiff is unable to adduce any evidence tending to support the questioned allegations, then a judgment should be entered dismissing the plaintiff's complaint.[7]

Plaintiffs do not have to prove questioned allegations by a preponderance of the evidence. Rather, they need only submit

---

1. AS 34.35.460 provides that, in order to perfect a health care provider lien, the health care provider

   shall, not later than 90 days after the date of injury, or in no event later than 90 days after the discharge of the injured person from the hospital or the provision of the physician's services, file a notice of lien substantially in the form prescribed in AS 34.35.465, containing a general description of the services rendered and a statement of the amount claimed, with a recorder's office, and shall, after the 90–day period, before the date of judgment, settlement or compromise, serve a copy of the notice of lien by registered mail, at the last known address, upon the person alleged to be responsible for causing the injury and from whom damages are claimed, and upon the insurance carrier that has insured against the liability, if the insurance carrier is known.

   Valley Hospital's notice, submitted to the court with its motion for reconsideration, does not include all the language specified in AS 34.35.465. The notice omits the words "... and the _____ (claimant) hereby claims a lien upon any money due or owing or any claim for...." This omission renders the first sentence of the notice nonsensical and appears to be a scrivener's error. But the superior court gave no indication that it denied the motion for reconsideration on the basis of this omission and we express no opinion whether the notice as written therefore failed to satisfy AS 34.35.460.

2. *Peter Pan Seafoods, Inc. v. Stepanoff*, 650 P.2d 375, 378 (Alaska 1982).

3. *Id.*

4. *Id.*

5. 10A CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed.1998) (citing numerous federal cases interpreting nearly identical federal rule); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir.1978) (interpreting federal rule); *Syndoulos Lutheran Church v. A.R.C. Indus., Inc.*, 662 P.2d 109, 112(Alaska 1983) (interpreting Alaska rule).

6. *Syndoulos Lutheran Church*, 662 P.2d at 112.

7. *Id.; see also* WRIGHT ET AL., *supra* note 5, at § 2688 ("[T]he court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

enough evidence to put the questioned allegation in controversy. If faced with "conflicting but legitimate evidence on both sides, the court is bound to enter judgment for the party in whose favor the default has been entered."[8]

■ Courts considering the issue have held that the trial court may not consider whether the factual averments in the complaint are supported by evidence unless the plaintiff is given notice and an opportunity to produce the evidence. In *Quirindongo Pacheco v. Rolon Morales*, the United States District Court denied the plaintiff's motion for default judgment because the plaintiff failed to produce evidence supporting his complaint at a hearing ordered under Federal Civil Rule 55(b)(2).[9] On appeal, the United States Court of Appeals for the First Circuit remanded, holding that a trial court may investigate the truth of averments in the complaint "only if the court has made 'its requirements known in advance to the plaintiff, so that [he] could understand the direction of the proceeding and marshal such evidence as might be available.' "[10] The Seventh Circuit has adopted this rule as well.[11] We agree with these courts that a trial court may not deny a motion for entry of a default judgment for lack of proof of an averment in the complaint without first providing the plaintiff with notice and an opportunity to submit evidence of the averment's truth.

■ Valley Hospital alleged in its complaint that it recorded the lien on July 25, 2003. It also alleged that the lien "complies with AS 34.35.450—482 and is enforceable." The superior court was obligated to either accept the facts contained in these averments or order the plaintiff to submit supporting evidence.[12] Valley Hospital was never given an opportunity to submit such evidence. It was therefore an abuse of discretion to limit the proposed default judgment for lack of evidence that the lien had been recorded.

■ It could be argued that it is not "necessary" to require Valley Hospital to submit proof of the recording at all, given the specificity and facial plausibility of the complaint's averment that the lien had been recorded and the lack of any evidence casting doubt on its veracity.[13] We have held that "a default establishes the well pleaded allegations of the complaint unless they are incapable of proof or are contrary to facts judicially noticed or to uncontroverted evidence presented by the parties."[14] In any event, on remand, Valley Hospital should be given an opportunity to present evidence that it complied with the statute.

## B. The Superior Court Did Not Abuse Its Discretion by Denying Attorney's Fees to Valley Hospital.

■ "We ordinarily review awards of attorney's fees for an abuse of discretion, but we review underlying legal determinations using our independent judgment."[15] "We will affirm a denial of attorney's fees to the prevailing party as long as the denial is not

---

8. *Syndoulos Lutheran Church*, 662 P.2d at 112 (quoting *In re Air West Sec. Litig.*, 436 F.Supp. 1281, 1286 (N.D.Cal.1977)).

9. *Quirindongo Pacheco v. Rolon Morales,* 953 F.2d 15, 16 (1st Cir.1992). Like Alaska Civil Rule 55(c)(1), Federal Civil Rule 55(b)(2) allows the court to "conduct such hearings or order such references as it deems necessary and proper" to establish the truth of any averment by evidence if necessary to enable the court to enter judgment or carry it into effect.

10. *Quirindongo Pacheco*, 953 F.2d at 16 (alteration in original) (quoting *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 229 (1st Cir. 1980)).

11. *Black v. Lane*, 22 F.3d 1395, 1398 (7th Cir. 1994) (citing *Quirindongo Pacheco* ).

12. The superior court was not obligated to accept the conclusions of law underlying Valley Hospital's allegation that the lien was "enforceable." "[A] party in default does not admit mere conclusions of law." WRIGHT ET AL., *supra* note 5, at § 2688; *see also Harrison v. Bailey*, 107 F.3d 870, 870 (6th Cir.1997). Had Valley Hospital failed to state a valid legal claim, the superior court would have been obligated to dismiss the complaint even though the defendant was in default. But in this case, the order makes it clear that the court was concerned with the lack of evidence supporting the complaint's factual allegations, not its legal conclusions.

13. *See* Alaska R. Civ. P. 55(c)(1).

14. *Syndoulos Lutheran Church*, 662 P.2d at 112.

15. *Dawson v. Temanson*, 107 P.3d 892, 894 (Alaska 2005).

'arbitrary or capricious or for some improper motive.' " [16]

The superior court refused to grant Valley Hospital's request for attorney's fees, explaining that Valley Hospital was not in compliance with Alaska Civil Rule 82(b)(4). Rule 82(b)(4) states in part that, "[u]pon entry of judgment by default, the plaintiff may recover an award calculated under subparagraph (b)(1) or its reasonable actual fees which were necessarily incurred, whichever is less." Valley Hospital asked for a fee award of $2,038.47, an amount that was apparently based on the schedule in subparagraph (b)(1) (ten percent of the judgment of $20,384).

▆▆▆▆ Although the superior court did not provide a detailed explanation for its denial of attorney's fees, denial was warranted by Valley Hospital's failure to document its actual fees. In *Moses v. McGarvey*, we held that when counsel requests attorney's fees "other than based on the schedule ...", accurate records of the hours expended and a brief description of the services reflected by those hours should be submitted." [17] Furthermore, Rule 82(c) requires that "a motion for attorney's fees in a default case must specify actual fees." Documentation of actual fees is necessary in a default case because Rule 82(b)(4) requires the court to award the lesser of actual reasonable fees or the scheduled amount under Rule 82(b)(1).[18] Particularly in a simple default case such as this, in which little substantive legal work was necessary, "reasonable, actual fees" may be far less than the scheduled amount under Rule 82(b)(1). An itemization of work performed and an affidavit certifying its veracity are essential for determining whether fees based on the Rule 82(b)(1) schedule are proper.[19]

Valley Hospital requested fees that were seemingly based on the schedule in Rule 82(b)(1). It did not specify or document its actual fees. From the small number and simple nature of the legal documents filed in this case, the superior court could have properly inferred that Valley Hospital's reasonable actual fees should have been far less than the amount called for by the Rule 82(b)(1) schedule. But Valley Hospital provided the court with no means by which it could determine actual fees. Valley Hospital's motion for reconsideration contained an unsworn and unsubstantiated representation that $1,500 "reflects less than the actual work done in preparing the case for filing and obtaining the default judgment," but this representation was insufficient to allow the superior court to properly review the fee request.[20]

In addition, once the fee award was struck from the proposed default judgment order, Valley Hospital did not move for attorney's fees. Rather than move for reconsideration, Valley Hospital should have followed the procedure set out in Alaska Civil Rule 82(c) and filed a motion for an award of fees. Rule 82(c) states that:

A motion is required for an award of attorney's fees under this rule or pursuant to contract, statute, regulation, or law. The motion must be filed within 10 days after the date shown in the clerk's certificate of distribution on the judgment as defined by Civil Rule 58.1. Failure to move for attorney's fees within 10 days, or such additional time as the court may allow, shall be construed as a waiver of the party's right to recover attorney's fees. A motion for attorney's fees in a default case must specify actual fees.

By failing to file a properly supported motion for attorney's fees after the default judgment was entered, Valley Hospital waived its right to recover attorney's fees.

Valley Hospital argues that Rule 82(b)(4) does not apply to cases involving lien foreclosures. It argues that full reasonable attor-

---

**16.** *Bowers Office Prods., Inc. v. Fairbanks N. Star Borough Sch. Dist.,* 918 P.2d 1012, 1016 (Alaska 1996) (quoting *Cooper v. Carlson,* 511 P.2d 1305, 1310 (Alaska 1973)).

**17.** *Moses v. McGarvey,* 614 P.2d 1363, 1374 n. 32 (Alaska 1980); *see also* Alaska R. Civ. P. 77(i) (permitting courts to hear motions based on facts not appearing of record on "affidavits or other documentary evidence").

**18.** *See* Alaska R. Civ. P. 82(b)(4).

**19.** *See Moses,* 614 P.2d at 1374 n. 32; *see also Matanuska Elec. Ass'n v. Rewire the Bd.,* 36 P.3d 685, 698 (Alaska 2001) (holding that itemization of work performed accompanied by counsel's affidavit adequately documented party's attorney's fee request).

**20.** *See* Alaska R. Civ. P. 77(i).

ney's fees should always be awarded in such cases, even if Rule 82(b)(1) dictates a smaller award. It cites AS 34.35.005(b), which provides that the court should allow for "a reasonable attorney fee" in lien enforcement actions generally,[21] and AS 34.35.480, which provides that the court shall allow a reasonable attorney fee "upon entering a decree for the plaintiff" in health care provider lien enforcement actions.[22]

Valley Hospital is correct that AS 34.35.480 governs the award of attorney's fees in cases involving the enforcement of liens. Alaska Civil Rule 82(a) provides that attorney's fees are calculated under Rule 82 "[e]xcept as otherwise provided by law or agreed to by the parties." In *Boyd v. Rosson* we held that under AS 34.35.005(b) "full [attorney's] fees should be awarded to successful lien claimants so long as the fees are reasonable."[23] We assume for the sake of discussion that the same interpretation applies to AS 34.35.480.

But in this case, the superior court did not "enter a decree for the plaintiff" on the lien issue.[24] It was not error, therefore, for the court to analyze Valley Hospital's request for attorney's fees under Rule 82.[25] More importantly, even if AS 34.35.480 had applied here, the superior court would have been justified in denying the request because Valley Hospital failed to file a properly supported Rule 82(c) motion.[26]

Because we are remanding on the lien issue, Valley Hospital will likely have a second chance to file a Rule 82(c) motion for attorney's fees under either Rule 82(b)(4) or AS 34.35.480. In order to prevail on any new motion, Valley Hospital must adequately document its actual fees. Failure to do so may again result in the denial of any fee award.

## IV. CONCLUSION

It was error to fail to give Valley Hospital an opportunity to submit evidence that it recorded the lien as the complaint alleged. We therefore REMAND for further proceedings in accordance with this opinion. Although under the circumstances it was not error to deny attorney's fees to Valley Hospital, the remand on the lien claim requires us to VACATE the fees award.

---

**21.** AS 34.35.005(b) states that "[i]n an action to enforce a lien, the court shall allow as part of the costs all money paid for drawing the lien and for filing and recording the lien claim, and a reasonable attorney fee for the foreclosure of the lien."

**22.** AS 34.35.480(b) states that "[i]n [an action under AS 34.35.450—.480] upon entering a decree for the plaintiff, the court shall allow as part of the costs, all money paid for the filing and recording of the lien notice, together with a reasonable attorney fee."

**23.** *Boyd v. Rosson,* 713 P.2d 800, 801 (Alaska 1986), *modified on reh'g,* 727 P.2d 765 (Alaska 1986).

**24.** *See* AS 34.35.480(b).

**25.** We also note that Valley Hospital did not seek attorney's fees under AS 34.35.480 from the superior court until its request for "Rule 82 attorney's fees" was rejected by the superior court.

**26.** Alaska Civil Rule 82(c) on its face applies to fee awards "pursuant to contract, statute, regulation, or law" as well as to fee awards under Rule 82(b).