**FAIRBANKS NORTH STAR BOROUGH SCHOOL DISTRICT, Appellant,**

v.

**BOWERS OFFICE PRODUCTS, INC., Appellee.**

**No. S–4525.**

Supreme Court of Alaska.

Sept. 25, 1992.

Order Amending on Rehearing
May 5, 1993.

Paul H. Cragan and Gordon W. Duval, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellant.

James N. Reeves, Bogle & Gates, Anchorage, for appellee.

Before BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This dispute arose after the Fairbanks North Star Borough School District (school district) requested proposals and awarded contracts to obtain copier services for a three year period. Bowers Office Products, Inc. (Bowers), an unsuccessful bidder, sued the school district. The superior court concluded that the school district had breached its implied promise to fairly and honestly consider Bowers' proposal, awarded Bowers its bid preparation costs and cancelled the copier contracts. The school district appeals. We reverse.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Beginning in late 1986, Bowers provided copier service under a three year contract with the school district. In June 1989, near the expiration of the Bowers contract, the school district advertised a Request for Proposal (RFP) to obtain copier service for the next three years. The school district reserved the right to reject any or all bids and the option to obtain copier service on the basis of other competitively arranged government contracts. Bowers made several objections to the form and content of the bid solicitation.

In July the school district issued its Notice of Intent to Award the copier service contracts to Pitney Bowes and Kodak. Bowers submitted a written protest and made an oral appeal to the School Board. After discussing Bowers' protest, the School Board unanimously voted to award the contracts to Pitney Bowes and Kodak. Bowers filed suit claiming that the school district's decision was illegal and requested

damages and an injunction against the performance of the contracts.

The superior court denied Bowers' request for a temporary restraining order. The court also denied Bowers' first motion for summary judgment holding that:

1. The school district is under no legal duty to publish in a request for proposals the relative weights which will be applied to the evaluation factors contained in the request for proposals; and

2. The request for proposals at issue in this case, on its face, complied with the School Board Policy [1] requiring "competitive" purchasing practices; ...

After considering new cross motions for summary judgment, the court made several findings and conclusions. The court found that while the action was an administrative appeal pursuant to AS 22.10.020(d), it would "handle the case *de novo* in the sense that the court allowed the parties to augment the record." Regarding the merits, the court summarized as follows:

The court finds that the District's cumulative action and inaction in conducting an evaluation and award process for the contract for copiers pursuant to RFP 9005 was arbitrary and capricious and the District failed to meet its implied contractual obligation for an honest and fair consideration of all proposals....

... Plaintiff is entitled to damages for this breach of contract.

In reaching this conclusion, the court found that: 1) the school district had failed

to respond to Bowers' request for clarification of the RFP; 2) Pitney Bowes failed to comply with the RFP because its reference letters were not sent directly from its clients to the school district; 3) Pitney Bowes was allowed to substitute a different copier 19 days after proposals were submitted to remedy deficiencies the school district noted in Pitney Bowes' first submission; and 4) the school district did not conduct a satisfactory inquiry into whether the Kodak copiers met RFP requirements.

The court denied a motion by Bowers to cancel the contracts and denied a motion by the school district to remand the matter to the school district for correction of the errors identified. Upon reconsideration, the court ordered as follows:

This court, upon review of the evidence presented, does not find, as a matter of law, that cancellation of the contracts is the appropriate remedy. The issue of what remedy, legal or equitable, is appropriate in this case is a question of fact to be determined at trial....

To the extent that this court's [previous] orders ... limit the plaintiff to money damages of bid preparation costs these orders are vacated.

Following a five day trial, the court affirmed its earlier findings and discussed "additional irregularities" which supported its summary judgment that the school district had breached its implied contractual duty to treat Bowers' proposal fairly and honestly.[2] The court found that Bowers

1. It is the school district's written policy to "purchase competitively, without prejudice, and to seek maximum educational value for every dollar expended."

2. The court reasoned as follows:
I don't find that the School District was out to get the Plaintiff. I do not think that the people that were acting for the School District—I don't think it rises to the level of favoritism or a rigged process. However, I think the effect of the process was a series of flaws that compounded each other to the point that the duty was breached.
The School District tried very hard to make this procedure go right. There is no doubt about it. I'm not sure what else they could have done with the tools that they had available at the time. It's clear that there was inadequate staff. The School District was at a

critical time where they had three new schools coming on line, a historical moment in what was happening in Fairbanks. There was simply not enough time or enough staff or enough expertise and training. There simply were not enough man-hours to do the kind of job it appears that the School District was trying to do. I don't fault them for trying.
....
I don't find that there was any intentional action in this particular case. It's a case of misfeasance, not malfeasance. The task was simply performed improperly, and there were other factors going on in the District that caused it. These were a series of events waiting to happen, and they were simply beyond the staff's ability to control in that the District was trying to run a process, but it just didn't have all the tools to run [it] at that time.

was entitled to damages in the amount of $29,516.30 for bid preparation costs. Moreover, the court found that "the aggrieved bidder has demonstrated that the integrity of the process as it actually took place resulted in failing to fulfill the requirements of competitiveness, and the Court must use the remedy of cancelling the contract." The court also awarded Bowers costs and attorney's fees pursuant to Alaska Civil Rules 79 and 82. The school district appeals.

## II. STANDARD OF REVIEW

The issue of the appropriate standard for our review of this case is complicated by the manner in which the matter proceeded. The parties brought their dispute before the superior court as an administrative appeal pursuant to AS 22.10.020(d). However, the parties engaged in discovery and augmented the record before the court with documentary evidence and live testimony.

■ In the typical administrative appeal based only on an agency record, we give no deference to the decision of the superior court and independently scrutinize the administrative action. *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 903 (Alaska 1987).

■ In the context of an administrative appeal with an augmented record we will continue our independent scrutiny with regard to new documentary evidence. However, we will accept the superior court's findings of fact based on live testimony unless it appears that such findings are clearly erroneous. *Cf. Ursin Seafoods, Inc. v. Keener Packing Co., Inc.*, 741 P.2d 1175, 1178 (Alaska 1987) (substitution of judgment standard is appropriate for interpretation of a contract based exclusively on documentary evidence, while clearly erroneous standard is applicable where extrinsic testimonial evidence is involved).

The school district does not challenge the findings of fact made by the superior court. Rather, the school district contends that the court erred in its application of law to the facts and in its conclusion that the school district breached its duty to fairly and honestly consider Bowers' proposal. Therefore, we will independently scrutinize the school district's actions to determine if the school district breached a duty as to Bowers.

## III. THE SCHOOL DISTRICT DID NOT BREACH ITS DUTY TO FAIRLY AND HONESTLY CONSIDER BOWERS' PROPOSAL

In *King v. Alaska State Housing Authority*, 633 P.2d 256, 263 (Alaska 1981), we recognized that a government agency which solicits bids for goods or services has an implied contractual duty to fairly and honestly consider bids and we established the appropriate standard for determining whether this duty had been breached:

> [I]n exchange for a bidder's investment of the time and resources involved in bid preparation, a government agency must be held to an implied promise to consider bids honestly and fairly. Breach of this implied contract on the part of an agency entitles a disappointed bidder to recover the costs incurred in preparation of the bid. We also hold, in accordance with the Court of Claims decisions, that the "reasonable basis" standard for review of administrative decisions, *see Jager v. State*, 537 P.2d 1100, 1107–08 (Alaska 1975); *Kelly v. Zamarello*, 486 P.2d 906, 916–17 (Alaska 1971), is applicable in this situation. *See Keco Industries, Inc. v. United States*, 492 F.2d 1200, 1203–04 [203 Ct.Cl. 566] (Ct.Cl.1974).

633 P.2d at 263 (footnote omitted).

We have relied on *Kelly* for the proposition that when applying the reasonable basis standard, "we merely seek to determine whether the agency's decision is supported by the facts and has a reasonable basis in law, even if we may not agree with the agency's ultimate determination." *Tesoro Alaska*, 746 P.2d at 903.

Neither party contends that the school district is not subject to the implied duty of an agency, articulated in *King*, to fairly and honestly consider bid proposals. Rather, the parties disagree regarding whether

the school district breached this implied duty.

The school district challenges the list of problems the court found with the proposal review process, contending that some of the problems identified were not real defects, that any defect which occurred did not constitute a breach of the implied promise and that any breach did not harm Bowers.

Bowers contends that the determination of whether a variance in a bid is sufficiently material to make the bid non-responsive to a request for proposal is a "judgment call committed to the discretion of the Superior Court." Bowers argues that the court properly concluded that the bid of Pitney Bowes was non-responsive because of noncompliance with a customer reference letter requirement and improper substitution of a different copier. Bowers argues that the court properly concluded that the bid of Kodak was non-responsive because of a failure to prove the date of manufacture of equipment.

We have required a disappointed bidder to meet a high standard of proof in order to recover for breach of an agency's implied promise to consider bids honestly and fairly. *King*, 633 P.2d at 263. In *King*, we found the following language from a decision of the United States Court of Claims helpful for determining whether a bidder has met this standard:

> The ultimate standard is ... whether the government's conduct was arbitrary and capricious toward the bidder-claimant. We have likewise marked out four subsidiary, but nonetheless general, criteria controlling all or some of these claims. One is that subjective bad faith on the part of the procuring officials, depriving a bidder of the fair and honest consideration of his proposal, normally warrants recovery of bid preparation costs. A second is that proof that there was no reasonable basis for the administrative decision will also suffice, at least in many situations. The third is that the degree

of proof of error necessary for recovery is ordinarily related to the amount of discretion entrusted to the procurement officials by applicable statutes and regulations. The fourth is that [a] proven violation of pertinent statutes or regulations can, but need not necessarily, be a ground for recovery. The application of these four general principles may well depend on (1) the type of error or dereliction committed by the Government, and (2) whether the error or dereliction occurred with respect to the claimant's own bid or that of a competitor.

633 P.2d at 263 n. 7 (citations omitted) (quoting *Keco Industries, Inc. v. United States*, 492 F.2d 1200, 1203–04, 203 Ct.Cl. 566 (1974)).

Applying the *Keco* criteria, we conclude that the superior court should not have disturbed the school district's decisions and contract awards.

First, the court specifically found that the school district was not "out to get" Bowers, that the school district's actions did not rise "to the level of favoritism or a rigged process" and that the school district "tried very hard to make this procedure go right." These findings are not consistent with "subjective bad faith." *Compare Heyer Products Co., Inc. v. United States*, 140 F.Supp. 409, 413, 135 Ct.Cl. 63 (1956) (concluding that a breach of the implied contract had occurred if facts were as alleged and "advertisement for bids was a sham").

Second, notwithstanding some flaws, there is a reasonable basis for the school district's award. The copier evaluation committee carefully considered several proposals, including Bowers'. The record indicates that the copiers Bowers offered were rejected, at least in part, because of unsatisfactory performance. The court never found fault with the evaluation committee's determinations regarding the relative merits of the various proposals based on the performance and cost of the equipment proposed.[3]

---

**3.** The court did find an "irregularity" in that the committee considered some copier features which the court did not feel were expressly

identified in the RFP. However, we conclude that the RFP implicitly put these features in

Third, Alaska's statutory scheme gives school districts broad discretion in their procurement decisions. AS 14.14.060(h). Therefore, courts should exercise great caution before disturbing a school district's contract award. This is especially true in this case where the school district had the option to reject all proposals it received and obtain copier service on the basis of another government contract.

Fourth, Bowers makes no claim that the school district violated any statutes or regulations. *Compare, State, Dep't of Educ. v. Nickerson*, 711 P.2d 1165, 1169 (Alaska 1985) (upholding award of bid preparation costs where an agency violated statutory requirements).

In short, our review of the record leads us to the conclusion that the school district's conduct towards Bowers was not arbitrary or capricious. In light of the broad discretion granted to school districts regarding procurement decisions under AS 14.14.060(h), we conclude that the superior court did not afford proper deference to the decisions of the school district. We are persuaded by the school district's arguments that the following technical flaws which the trial court found in the proposal review process did not, either individually or collectively, constitute a breach of the implied contractual duty.[4]

### 1. Pitney Bowes' noncompliance with the reference letters requirement.

The RFP required that reference letters be sent directly from a bidder's clients to the district. Instead, Pitney Bowes obtained the letters and included them in its proposal. The court determined that this variance gave Pitney Bowes a competitive advantage and made its bid non-responsive.

In awarding a contract to Pitney Bowes, the school district implicitly determined that this minor variance did not render Pitney Bowes' proposal non-responsive. Based on our review of the record, we conclude that there was a reasonable basis for this implicit determination. *See Chris Berg, Inc. v. State, Dep't of Transp. and Pub. Facilities*, 680 P.2d 93, 94 (Alaska 1984). The letters of reference the school district received from Pitney Bowes were substantially similar to letters received from other bidders. Moreover, the school district removed any possible advantage this irregularity afforded Pitney Bowes by directly contacting a Pitney Bowes client for a reference.

### 2. The date of manufacture of Kodak's copiers.

The RFP required that the copier equipment must have been manufactured within five years prior to the date of the contract. We conclude that the school district had a reasonable basis for its implicit determination that Kodak's bid was responsive to this requirement and for its award of the contract to Kodak. The determination of whether the school district had a reasonable basis for its decision should be made based on the information the school district had at the time it awarded the contracts. At the time of the awards, the school district had requested and received assurances from Kodak which provided a reasonable basis for a conclusion that Kodak could satisfy the date of manufacture requirement.

### 3. Pitney Bowes' substitution of the M–522 copier.

The school district considered and ultimately accepted a late-entry low volume

---

issue. Therefore, the committee was justified in its consideration of these features.

**4.** In their briefs, neither party addresses one perceived flaw which the court cited in support of its summary judgment against the school district. Bowers asked for clarification of the reference letter requirement in the RFP. The court found that "Bowers did not submit reference letters because it was unable to meet the requirement under its interpretation. The dis-

trict neither clarified nor corrected Bowers' reasonable interpretation despite its promise to do so."

We conclude that the school district's failure to clarify a requirement of the RFP was harmless in this case. The record shows that the school district evaluated Bowers' proposal even though it lacked reference letters and that the proposals of other bidders prevailed on their merits.

copier bid from Pitney Bowes. However, the record reflects that in determining that Pitney Bowes should receive the award, the school district considered only the merits of the copier Pitney Bowes originally proposed. We conclude that the school district eliminated any possibility of unfairness to other bidders by considering only Pitney Bowes' original submission in making the award. We can perceive no restriction in the law which would prevent the school district from accepting a better copier from Pitney Bowes once it had determined, based on the original submissions of all the bidders, that Pitney Bowes should be awarded the contract.[5]

Based on the facts presented, we conclude that the school district had a reasonable basis for its determination that it should award contracts to Pitney Bowes and Kodak. Further, we conclude that the school district's actions were not arbitrary or capricious as to Bowers. As a matter of law, the school district did not breach its implied duty to fairly and honestly consider Bowers' proposal.

It follows from our conclusion that the superior court erred in failing to grant summary judgment in favor of the school district, in awarding Bowers its bid preparation costs and in canceling the contracts awarded to Kodak and Pitney Bowes.

The judgment of the superior court is REVERSED and the award of attorney's fees to Bowers is VACATED. The court is directed to enter judgment in favor of the school district on its motion for summary judgment.

RABINOWITZ, J., not participating.

## ORDER ON REHEARING

Bowers Office Products, Inc. (Bowers) has petitioned for rehearing, claiming among other errors that it has been deprived of its day in court on claims not addressed by the superior court. It is Bowers' position that the superior court's ruling on Bowers' non-responsiveness claim made it unnecessary to rule on other bases for relief. Bowers claims it expressly reserved the other bases for relief for determination in the event it did not obtain a favorable ruling on the non-responsiveness claim.

We have considered Bowers' petition, the Fairbanks North Star Borough School District's opposition, and Bowers' reply, as well as the record and prior briefing. Being fully advised,

IT IS ORDERED that Bowers' petition for rehearing is GRANTED as to the issue raised in Section III of its petition. The concluding paragraph in Opinion No. 3888 is amended to read as follows:

The judgment of the superior court is REVERSED and the award of attorney's fees to Bowers is VACATED. The court is directed to enter summary judgment in favor of the school district on the motion for summary judgment on the non-responsiveness claim.

This case is REMANDED to the superior court for such additional proceedings as are warranted by the bid protest, evidence, proceedings previously undertaken and resolved by the superior court, and issues remaining to be resolved by the superior court, if any.

IT IS FURTHER ORDERED that Bowers' petition is DENIED in all other respects.

---

5. Following trial the court identified several "additional irregularities" which it found lent support to its summary judgment against the school district. We conclude that these "irregularities" did not amount to a breach of the school district's promise to honestly and fairly evaluate the proposals.