**BOWERS OFFICE PRODUCTS, INC.,**
Appellant/Cross–Appellee,

v.

**FAIRBANKS NORTH STAR BOROUGH
SCHOOL DISTRICT, Appellee/Cross–
Appellant.**

Nos. S–6697, S–6747.

Supreme Court of Alaska.

April 12, 1996.

Rehearing Denied May 2, 1996.

Jerry L. Bowers, Fairbanks, pro se.

James N. Reeves, Bogle & Gates, Anchorage, for Appellant.

Ann S. Brown, Brad E. Ambarian, Lane Powell Spears Lubersky, Fairbanks, for Appellee.

Before COMPTON, C.J., RABINOWITZ, MATTHEWS and EASTAUGH, JJ., and CARPENETI, J. Pro Tem.*

## OPINION

COMPTON, Chief Justice.

## I. INTRODUCTION

Bowers Office Products (Bowers) appeals the superior court's grant of summary judgment in favor of the Fairbanks North Star Borough School District (School District). The superior court ruled that summary judgment was appropriate because all of Bowers' claims of impropriety regarding the School District's award of a copier service contract were raised and resolved in the first appeal of this case, *Fairbanks North Star Borough Sch. Dist. v. Bowers Office Products*, 851 P.2d 56 (Alaska 1992) (*Bowers I* ).

Bowers also appeals the superior court's award of attorney's fees to the School District for work performed prior to the first appeal. The School District cross-appeals the court's denial of attorney's fees for work performed on remand.

We affirm the superior court's judgment and the court's denial of attorney's fees for work performed on remand. We vacate the court's award of attorney's fees to the School District for work performed prior to the first appeal, and remand for a redetermination of these fees.

## II. FACTS AND PROCEEDINGS

The facts of this case are detailed in *Bowers I*. Briefly stated, Bowers sued the School District after it rejected Bowers' bid for a copier service contract. *Id.* at 56. In the original proceeding, the superior court granted summary judgment in Bowers' favor, concluding that the bids the School District accepted were non-responsive to the requirements listed in the advertised bid request, and that therefore the School District "failed to meet its implied obligation for an honest and fair consideration of all proposals." *Id.* at 57.

Following its grant of summary judgment, the superior court ordered a trial to determine the appropriate remedy. *Bowers I*, 851 P.2d at 57. In the course of the five day trial, Bowers was allowed to submit evidence on "additional irregularities" which it claimed tainted the bid process. In its oral ruling after trial, the superior court stated that these "additional irregularities" were further evidence that the School District failed to fairly and honestly consider Bowers' proposal. *Id.*

In *Bowers I*, we reversed the superior court's grant of summary judgment, concluding that the allegedly non-responsive bids presented merely "technical flaws." *Id.* at 60. After reviewing the evidence, we held that the School District's conduct toward Bowers was not "arbitrary and capricious," and that "the school district did not breach its implied duty to fairly and honestly consider Bowers' proposal." *Id.* at 60–61. Bowers argued that the alleged "additional irregularities" constituted independent grounds for affirming the court's ruling on summary judgment. We addressed these "additional irregularities" and found them to be without merit. *Id.* at 59–61 and n. 5. We remanded for "such additional proceedings as are warranted by the bid protest, evidence, proceedings previously undertaken and resolved by the superior court, and issues remaining to be resolved by the superior court, if any." *Id.* at 61.

On remand, the superior court granted summary judgment in the School District's favor after concluding that "all of the issues presented by Bowers ... on remand were considered by this court in the prior proceedings and were available for review by the Supreme Court in the appellate proceeding." The superior court awarded the School District attorney's fees for work performed prior to the first appeal, but denied its request for

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

attorney's fees for work performed on remand.

## III. DISCUSSION

### A. The Merits

■ As we have previously stated:

The doctrine of law of the case prohibits the reconsideration of issues which have been adjudicated in a previous appeal in the same case. Even issues not explicitly discussed in the first appellate opinion, but directly involved with or "necessarily inhering" in the decision will be considered the law of the case.

*Wolff v. Arctic Bowl, Inc.,* 560 P.2d 758, 763 (Alaska 1977) (citations and footnotes omitted). We think that this language is directly applicable to the case at hand, and that it requires us to uphold the superior court's decision.

■ Bowers puts forward what it terms "two closely-related legal issues" as the "remaining issues" left unresolved by *Bowers I.* The first issue is "whether the School District's actions violated its published policy to 'purchase competitively, without prejudice' among competing vendors." The superior court dealt with this issue in its oral ruling after the trial in the original proceeding. In that oral ruling, the court stated:

The School District policy requires the process to be competitive without prejudice.... [W]hen the court considers the total irregularities ... the determination is that it was not a competitive process. In other words, having now heard the facts, the Court finds that the School District violated its own policy requiring competitiveness.

In *Bowers I* we considered the irregularities relied on by the superior court, but concluded that "these 'irregularities' did not amount to a breach of the school district's promise to honestly and fairly evaluate the proposals." *Bowers I,* 851 P.2d at 61 n. 5.

The second "closely-related issue" which Bowers claims has yet to be decided is "whether the School District's decision and actions in awarding the disputed contracts was arbitrary and capricious and therefore illegal." In support of this argument, Bowers first asserts that the "comparative evaluation erroneously identified features not previously identified" in the Request for Proposal (RFP). The specific copier features discussed by Bowers are (1) a dedicated electrical circuit requirement; (2) complete automatic job recovery; and (3) sorter bin/offset catch tray. Bowers' claims surrounding each of these copier features were put into evidence at the trial in the original proceeding, and were expressly mentioned by the superior court in its oral ruling after trial. In *Bowers I,* we addressed this issue and resolved it against Bowers:

The [superior] court did find an "irregularity" in that the [evaluation] committee considered some copier features which the court did not feel were expressly identified in the RFP. However, we conclude that the RFP implicitly put these features in issue. Therefore, the committee was justified in its consideration of these features.

*Bowers I,* 851 P.2d at 59–60 n. 3.

Bowers' second assertion in support of its "arbitrary and capricious" argument is that the School District "made serious factual errors in attempting to determine whether or not individual copiers possessed specific desired features." The two features identified by Bowers as relating to this issue are (1) the dedicated electrical circuit requirement; and (2) the heavy-duty console requirement. Testimony on the electrical circuit feature was introduced at trial in the original proceeding, and the superior court specifically cited the electrical circuit requirement to support its oral ruling after trial. We resolved this issue against Bowers in *Bowers I. Id.*

Bowers also introduced evidence on the heavy-duty console requirement during the trial in the original proceeding. The superior court did not expressly reference this issue in its oral ruling after trial. However, an examination of the context in which testimony on the heavy-duty console feature was introduced shows that such testimony was part of the overall question of whether Bowers' equipment satisfied the RFP requirements. There is evidence in the record to support the superior court's finding on re-

mand that the testimony on the heavy-duty console requirement was one of the " 'irregularities,' mistakes, and other actions by the School District which [were] deemed to cumulatively establish that the School District acted in an arbitrary and capricious manner." As discussed above, in *Bowers I* we rejected Bowers' "additional irregularities" argument. *Id.* at 59–61 and n. 5. Although we did not expressly mention the heavy-duty console requirement, the issue was one that was "necessarily inhering" in our decision.[1] *Arctic Bowl,* 560 P.2d at 763.

Finally, Bowers argues that the "individual and cumulative effect" of these allegedly arbitrary and capricious actions by the School District "determined the outcome of the procurement process and subverted any alleged competition among the competing vendors." Bowers supports its argument by listing the factors for determining arbitrary and capricious behavior set out in *Keco Industries, Inc. v. United States,* 203 Ct.Cl. 566, 492 F.2d 1200, 1203–04 (Ct.Cl.1974), and discussing the evidence in light of these factors. However, we applied the *Keco* factors to this case in *Bowers I,* and, based on this application, concluded that the School District's decision was not arbitrary and capricious. *Bowers I,* 851 P.2d at 59–61.

In *Bowers I* we remanded so that the superior court could decide in the first instance whether its ruling following trial effectively adjudicated all of Bowers' claims. *Id.* at 61. After reviewing the evidence presented by Bowers in the original proceeding and on remand, the superior court concluded that there were no issues left to be resolved:

> Bowers mistakenly asserts that the only issue before the trial court in the prior proceeding was whether the proposals were "non-responsive." Neither the record, nor the courts' rulings, bears this out. Bowers is using the word "responsive" in a restrictive sense. After hearing and reviewing all the evidence, this court considered all of Bowers' arguments relating to

responsiveness, irregularities in the bidding process, favoritism, bad faith, materialness, arbitrary and capricious actions, competitiveness, and illegalities. Many of these terms overlap and interact with each other when a court or other entity reviews a bid process. However, it is clear from the record that the court went far beyond "responsiveness" in the narrow sense in reviewing the actions of the School District in this matter.

We agree with the superior court's conclusion. After careful review, we are satisfied that all of Bowers' claims of impropriety were raised and resolved in the first appeal. The superior court's grant of summary judgment is affirmed.

## B. *Attorney's Fees*

### 1. *Attorney's fees for the original proceeding.*

On remand, the School District requested attorney's fees of $150,423.50 for work performed prior to the first appeal. The superior court awarded the School District $60,000 in attorney's fees, or approximately forty percent of its total claimed expenditures prior to the first appeal. The court based its award on what it considered to be "the reasonable fees for a case of this nature." Bowers argues that this award was in error.

■ As a threshold matter, we consider the application of Civil Rule 82 appropriate. In the normal course, attorney's fees awards in administrative appeals to the superior court are governed by Alaska Appellate Rule 508. *See Diedrich v. City of Ketchikan,* 805 P.2d 362, 371 (Alaska 1991). This case, however, is a hybrid in that it was an administrative appeal with an augmented record. *Bowers I,* 851 P.2d at 57. Thus it partook of both administrative review and *de novo* litigation. The superior court based its attorney's fees award on Civil Rule 82 and, in context, this was not erroneous.

---

1. The same can be said for Bowers' arguments that the School District's assignment of various weights to different "desired features" was arbitrary and capricious, and that the School District's "z-score" procedure used to rank copiers was defective. There was testimony on both of these claims at the trial in the original proceeding, and the superior court expressly referenced them in its oral ruling after trial as being two of the "additional irregularities" which supported its ruling that the School District's actions were arbitrary and capricious.

Once it decided to apply Rule 82, however, the superior court was required to apply the current rule, since the current rule was in effect when the award was made. Rule 82 now provides that a prevailing party who recovers no money judgment in a case without trial shall be awarded twenty percent of its "actual attorney's fees which were necessarily incurred." Alaska R.Civ.P. 82(b)(2).[2] A court may vary this amount, but if it does so it must explain its reasons with reference to the factors listed in Rule 82(b)(3). *Id.* at (b)(3).

In *Nielson v. Benton,* 903 P.2d 1049, 1054–55 (Alaska 1995), we held that the current rule applied to a case pending when the current rule took effect, since there had been no showing that such an application would not be "just and practicable." *Id.; see* Alaska R.Civ.P. 98 (Civil rules govern proceedings pending at the time of their effective date "so far as just and practicable."). The amendments to Rule 82 relevant to this case took effect on July 15, 1993. *See* Alaska Supreme Court Order No. 1118 (January 7, 1993). The superior court entered its order awarding attorney's fees to the School District on August 26, 1993. As there is nothing to suggest that application of current Rule 82 would not be "just and practicable," the superior court should have applied it. We vacate the award and remand for a redetermination in accordance with current Rule 82.

### 2. *Attorney's fees for work performed on remand.*

██ The superior court denied the School District's request for attorney's fees for work performed on remand. The superior court clearly and appropriately applied current Rule 82 in denying the School District's fee request for work performed on remand. The court explained its reasons, and denied the award pursuant to Civil Rule 82(b)(3)(F) and (K).[3] The court concluded that "the services

provided [by the School District] were not reasonable in relationship to the issues that were before the court for decision."

The School District complains that the superior court's denial of attorney's fees "makes no sense" because the superior court eventually adopted the School District's position that all of the issues raised by Bowers on remand had already been raised and addressed in the first appeal. Although the superior court ultimately entered summary judgment in the School District's favor, the record supports the court's finding that the School District did little to assist the superior court in reaching its decision. Its memorandum in support of its cross-motion for summary judgment essentially ignores the question clearly presented in the superior court's post-remand briefing instructions (i.e., what issues "if any" remain on remand). It is apparent, as the superior court found, that "[t]he hard work of going through the record and determining what, if any, of the issues raised by Bowers on remand has not been addressed by the court in the proceedings was either never done or never provided to the court on remand by the School District."

██ The superior court may deny a prevailing party reasonable attorney's fees. *Hansen v. Stroecker,* 699 P.2d 871, 875 (Alaska 1985). We will affirm a denial of attorney's fees to the prevailing party as long as the denial is not "arbitrary or capricious or for some improper motive." *Cooper v. Carlson,* 511 P.2d 1305, 1310 (Alaska 1973). In the present case, the superior court's denial of attorney's fees to the School District for work performed on remand was not arbitrary or capricious, nor can we discern any improper motive for such denial from the record before us. We affirm the superior court's denial of attorney's fees to the School District for work performed on remand.

---

**2.** Under former Rule 82, where a prevailing party recovered no money judgment the superior court could award attorney's fees "in a reasonable amount." Former Alaska R.Civ.P. 82 (1992).

**3.** Civil Rule 82(b)(3) provides in part:

The court may vary an attorney's fee award calculated under subparagraph (b)(1) or (2) of

this rule if, upon consideration of the factors listed below, the court determines a variation is warranted:

. . . .

(F) the reasonableness of the claims and defenses pursued by each side;

. . . .

(K) other equitable factors deemed relevant.

## IV. *CONCLUSION*

The superior court's grant of summary judgment is AFFIRMED. The superior court's award of attorney's fees to the School District for work performed prior to the first appeal is VACATED, and the issue RE-MANDED to the superior court for redetermination in accordance with current Rule 82. The superior court's denial of the School District's request for attorney's fees on remand is AFFIRMED.